Abraham N. Geller, J.
This is an application by the City of New York for an order in the nature of a writ of assistance, or order of possession, directing the Sheriff to put the city into possession of the property acquired by it to form the Manhattan Civic Center. Title to these premises vested in the city in 1965. On September 30, 1968 all then occupants were advised by the city by letter to vacate by March 1, 1969. On October 30, 1968 they were served with a 30-day notice to vacate. On or before January 20,1969 they were served with an order to show cause on this application for an order of possession.
The city claims to have now finalized its procedure so that it can commence construction of the New Municipal Building Annex without further delay, which would result in great damage, particularly in view of the rising costs of construction. In accordance with a timetable approved by the Department of Public Works, technically called the “ Critical Path Method,” possession is requested by March 1, 1969 for certain areas and by May 1, 1969 and July 1, 1969 for other areas.
It should first be noted that the city was legally entitled, at any time after it obtained title in 1965, to possession of this property without suit. The only question, since the city has permitted occupants to remain while paying it rent, is whether, at the time an order of possession is requested to take effect, the city actually will proceed with construction of the public project contemplated, taking into consideration, of course, that a project of this size necessarily must be subdivided into various specified functions pursuant to a timetable.
On the hearing of this application testimony was given by the Acting Commissioner of Public Works, the Deputy Commissioner of Beal Estate, a partner in the firm of architects retained by the city, an engineer employed by the firm acting as the structural and foundation consultants to the architectural firm, an engineer retained by the city to design a system of relocating utilities in .this area, and the executive director of the City Planning Department acting as co-ordinator of the Civic Center. These, together with the papers submitted, establish that a definite timetable had been fixed, the sum of $6,599,389 having been appropriated for the fiscal year 1968-1969, and that certain preliminary acts had already been under *206 taken. The court has also read and taken into consideration the numerous affidavits submitted by and on behalf of various occupants as well as the oral arguments made by a number of them and their attorneys and recorded on the two hearing dates.
It is accordingly determined that the city is entitled to an order of possession, conditional, however, upon its obtaining the necessary funds for the coming fiscal year through the adoption of the capital budget for the fiscal year 1969-1970, the amounts for this year for this project being originally recommended at $11,000,000 and subsequently increased in the Mayor’s proposed budget to $17,700,000. Adoption for effective purposes should be established on or about April 1, 1969. The city is to file an affidavit showing .such adoption. In addition, the city shall file an affidavit with respect to utility relocation, approval of final plans being expected on or about February 15, 1969 and the awarding of contract therefor on or about April 15, 1969.
Subject to the filing of such affidavits, the orders herewith signed will take effect as of July 1, 1969 for all occupants. This date has been fixed by the court on the basis of an indication in the record of relaxation on the part of the city, albeit reluctant, of the timetable with respect to certain properties adjacent to the July 1 area and in order to afford equal time for all occupants, so long as the city is not seriously prejudiced.
The Corporation Counsel is directed to promptly serve personally or by mail a copy of this decision and a copy of the appropriate order upon each occupant, so that adequate time may be provided for the necessary preparations for removal and so that, if any of them or the city intends to appeal from this determination, such appeal may be processed without delay.
It should be noted with respect to the contention raised by some occupants as to entitlement to top priority to relocate in the new Civic Center for whatever space is made available for commercial tenants, that this matter is outside the scope of the present proceeding’s. This disposition, obviously, is without prejudice to the rights of such occupants, who may, of course, take whatever action they deem to be in their interest if space is made available for commercial tenants.